# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLACE WENDELL VAUGHN, III, | Case No. 1:18-cv-01329-AWI-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| C. JONES, et al., | (ECF No. 11) |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Wallace Wendell Vaughn, III ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. On January 10, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 10.) Plaintiff's first amended complaint, filed on February 6, 2019, is currently before the Court for screening. (ECF No. 11.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Summary of Plaintiff's Allegations

Plaintiff is currently housed at Corcoran State Prison in Corcoran, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff names the following defendants: (1) Correctional Officer C. Jones; (2) Correctional Officer D. Carpenter; and (3) John/Jane Does 1-5, registered nurses and correctional officers. Plaintiff alleges deliberate indifference to his medical needs in violation of the Eighth Amendment.

On October 3, 2016, Plaintiff was housed at Kern Valley State Prison ("KVSP"). On that date, he was scheduled for a court appearance at the Kern County Superior Court. Defendants Jones and Carpenter were assigned to transport Plaintiff to his court appearance. When Defendants Jones and Carpenter arrived at Plaintiff's cell and conducted a search of his person. Plaintiff was placed in restraint, including waist chains, handcuffs, shackles and leg restraints. Plaintiff was escorted to the vehicle, four-door Chevy Malibu. After being placed in the rear of the vehicle, Plaintiff alleges that Defendant refused to secure him with the seat belt shoulder strap.

Upon exiting the KVSP carport, Defendant Jones began speeding "excessively down the prison road . . . and when turning . . . a corner, Plaintiff was thrown side-to-side in the rear of the [transport] vehicle." (ECF No. 11 at 6.) Within a few minutes after driving down the prison road, Defendant Jones slammed on the brakes and yelled. There was a loud thump and the vehicle came to an abrupt stop. Plaintiff was thrust forward and slammed his head and shoulders against the plexiglass/meshed metal partition. Upon impact, Plaintiff heard and felt a pop in his head and the left side of his neck and shoulders.

Defendant Jones had hit a dog. Both Defendant Jones and Defendant Carpenter exited the vehicle to examine the dog. Defendant Carpenter put on some gloves and dragged the dog to the side of the road. It appeared to Plaintiff that Defendant Jones also had hurt herself in the accident.

When Defendant Jones and Carpenter got back in the vehicle, Defendant Carpenter moved to the driver's seat. Plaintiff informed both defendants that he was injured from slamming into the plexiglass. He stated, "My head, neck and shoulder hurts [sic] very bad. I need medical attention now." (Id. at 7.) Defendants ignored him. Plaintiff again informed them of his injuries, but Defendant Carpenter told him, "Not now! Can't you see that we are busy." (Id.) Defendant Carpenter then called animal control.

Instead of proceeding to Plaintiff's court appearance, defendants waited for animal control to arrive. After animal control arrived and removed the dog, defendants started to drive Plaintiff to Bakersfield for his court appearance. Plaintiff alleges that it should have been obvious to defendants that he was in pain and needed medical attention. Plaintiff complained of shoulder, neck and head pain several times on the way to court, but defendants ignored his pleas for medical attention. Defendants also ignored his pleas when they arrived at court and on the drive back from KVSP.

Upon arriving at KVSP, defendants escorted Plaintiff to housing unit, placed him in his cell and left. When KVSP floor staff walked the tier, Plaintiff complained about his pain and explained what happened. Floor staff informed Plaintiff that they would call medical staff. Correctional officers later escorted Plaintiff to Facility A medical. Plaintiff informed LVN P. Kese how his injuries occurred. LVN Kese completed a medical report of injury or unusual occurrence. Plaintiff

claims that LVN Kese omitted information from the report, including the location of the occurrence, defendants' names as witnesses and certain of Plaintiff's medical complaints. LVN Kese did not refer Plaintiff to be seen by a medical doctor, but informed Plaintiff that he would be scheduled for x-ray the following day.

After being escorted back to his cell, Plaintiff again informed floor staff of his pains and how they occurred. Floor staff instructed Plaintiff that "he should go medical emergency 'mandown,'" which he did. (ECF No. 11 at 10.) Floor staff then radioed a medical emergency and medical staff responded, including LVN Kese. Plaintiff was evaluated and transferred to the KVSP Correctional Treatment Clinic for further evaluation.

At the clinic, Plaintiff was interviewed and examined by LVN A. Hawsra. Plaintiff informed LVN Hawsra of the injuries and how they occurred. LVN Hawsra completed a report, but also omitted the place of occurrence, defendants' names as witnesses, and certain of Plaintiff's medical complaints. LVN Hawsra informed plaintiff that he would be scheduled to see a doctor in a day or two and be scheduled for x-rays. Plaintiff was escorted back to his cell.

Between October 4 and October 7, 2016, Plaintiff continued to experience neck and left shoulder pain, which affected his daily activities. Plaintiff submitted a health care services request form complaining of pain and requesting an x-ray. On October 7, 2016, Plaintiff was seen by Dr. Manasrah, who ordered an x-ray that had not been scheduled by LVN Kese or LVN Hawsra. Dr. Manasrah also prescribed Plaintiff Tylenol with codeine for the pain. Plaintiff's x-ray revealed a separated left shoulder, which Plaintiff alleges was caused by Defendant Jones' reckless driving.

On October 27, 2016, Plaintiff filed a staff complaint against both defendants arising out of the accident and their purported indifference to his medical needs.

As relief, Plaintiff seeks a declaratory judgment, along with compensatory and punitive damages. He also requests appointment of counsel.

**III.    Discussion**

    **A.    Linkage Requirement – Doe Defendants**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As with his original complaint, Plaintiff names multiple doe defendants but fails to link them to any factual allegations. Because Plaintiff has been unable to cure this deficiency, the Court will recommend that the doe defendants be dismissed from this action.

### B. Eighth Amendment - Deliberate Indifference to Safety

Deliberate indifference to a prisoner's health or safety needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). A defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Negligence, or even gross negligence, does not violate the Eighth Amendment. See Toguchi, 391 F.3d at 1060-61; Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).

The failure to provide or secure a seatbelt to Plaintiff during transport, standing alone, may not give rise to a constitutional claim. See Thomas v. Rodriguez, 2017 WL 3896738, at *3 (S.D. Cal. Sept. 6, 2017) (discussing cases). "However, if the claim is combined with allegations that the driver was driving recklessly, this combination of factors may violate the Eighth Amendment." Id. at *4. Here, Plaintiff's allegations that he was shackled, denied a seatbelt by officers, and the officer was driving recklessly at excessive speeds, and then hit an animal, plausibly suggest an Eighth

1    Amendment deliberate indifference claim against the defendant officers.

2              **C.      Eighth Amendment – Deliberate Indifference to Medical Needs**

3          A prisoner's claim of inadequate medical care does not constitute cruel and unusual

4    punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

5    "deliberate indifference to serious medical needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir.

6    2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown

7    by the denial, delay or intentional interference with medical treatment or by the way in which

8    medical care is provided. <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988). The two-

9    part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by

10   demonstrating that failure to treat a prisoner's condition could result in further significant injury or

11   the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need

12   was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096.

13         A defendant does not act in a deliberately indifferent manner unless the defendant "knows

14   of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825,

15   837 (1994). "Deliberate indifference is a high legal standard," <u>Simmons v. Navajo Cty., Ariz.</u>, 609

16   F.3d 1011, 1019 (9th Cir. 2010); <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004), and is

17   shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible

18   medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. In applying this standard,

19   the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged,

20   "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or

21   'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622

22   F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105–106).

23         At the pleading stage, Plaintiff's amended complaint states a cognizable claim for deliberate

24   indifference to serious medical needs against Defendants Jones and Carpenter based on their failure

25   to obtain medical care for Plaintiff following the vehicle accident and Plaintiff's repeated

26   complaints of pain.

27              **D.      Declaratory Relief**

28         In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated.

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary, and the Court will recommend that Plaintiff's request for declaratory relief be dismissed from this action.

## IV. Conclusion and Recommendation

Based on the foregoing, the Court finds that Plaintiff's complaint states cognizable claims for deliberate indifference to safety and to serious medical needs in violation of the Eighth Amendment against Defendants Jones and Carpenter. However, Plaintiff's complaint fails to state any other cognizable claims for relief.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed February 6, 2019, (ECF No. 11), against Defendants Jones and Carpenter for deliberate indifference to safety and to serious medical needs in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted, including the Doe Defendants and Plaintiff's request for declaratory relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.

1    Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391,

2    1394 (9th Cir. 1991)).

3
4    IT IS SO ORDERED.

5        Dated:   **April 4, 2019**                    /s/ Barbara A. McAuliffe

6                                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28