# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLACE WENDELL VAUGHN,<br><br>Plaintiff,<br><br>v.<br><br>JONES, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-01329-AWI-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 48) |

Plaintiff Wallace Wendell Vaughn ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Jones and Carpenter for deliberate indifference to safety and to serious medical needs in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion to appoint counsel, filed April 5, 2020. (ECF No. 48.) In his motion, Plaintiff states that the litigation has become very contentious and given the effects of that contentiousness, he is greatly affected by the stress. The claims which are the basis of this litigation are complex, and require a trained eye to sort out the various legal and factual issues at trial, and to facilitate a resolution before trial, if possible. Plaintiff believes that appointment of counsel would greatly facilitate a just, speedy, and inexpensive determination of this litigation, and Plaintiff's imprisonment will greatly limit his ability to litigate. Plaintiff states that he has no physical access to the law library due to COVID-19 protocols. (Id.)

Defendants have not yet had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with limited access to the law library almost daily. Many of these prisoners also experience stress due to the litigation process. These litigants also must conduct legal research and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Defendants have filed a motion for summary judgment that is pending before the Court, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Finally, the Court notes that if Plaintiff continues to experience limited or no physical access to the law library at his institution, he should seek appropriate extensions of time for any applicable deadlines.

///

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 48), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **April 7, 2021**           /s/ *Barbara A. McAuliffe*           
                                    UNITED STATES MAGISTRATE JUDGE